IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Simon Solomon<br>Plaintiff<br><br>V.<br><br>LISA MADIGAN, in her Official Capacity as Attorney General of the State of Illinois;<br>The Cook County Board of Commissioners[1];<br>Cook County Sheriff Thomas Dart in his official capacity as Sheriff of Cook County; and Cook County State's Attorney Kimberly Fox in her official capacity as Cook County State's Attorney<br><br>Defendants | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

## **COMPLAINT FOR RELIEF**

Plaintiff Simon Solomon [Plaintiff], by and through his Attorney's having being affected by certain legislation restricting his constitutional rights and with the upmost respect for the Defendant public servants and their dedicated service to the State of Illinois and the County of Cook, presents this complaint against the Defendants [Defendant], in their official capacities, Illinois Attorney General Lisa Madigan, The Cook County Board of Commissioners[1], Cook County Sheriff Thomas Dart, and Cook County State's Attorney Kimberly Fox and allege as follows:

---

[1] See Exhibit 1 for a list of each individual commissioner Defendant

A. INTRODUCTION

1. This action for deprivation of civil rights under color of law challenges the statutory prohibition on concealed carry licensed holders from knowingly carrying a firearm on or into any real property under the control of the Cook County Forrest Preserve District. [430 ILCS 66/65 (a)(14)] and Cook County Ordinance FPDCC Code Section 3-3-6 which prohibits the same conduct.

2. Plaintiff Simon Salomon is a natural person residing in the County of Cook. Plaintiff is currently licensed by the State of Illinois to carry a concealed firearm pursuant to the Illinois Concealed Carry Act. Plaintiff is 59 years old. On 4/30/2015 Plaintiff was licensed to carry a concealed weapon and went fishing in the Cook County Forrest Preserve. Plaintiff was stopped by the Cook County Sheriff Forrest Police in relation to his fishing activity. When questioned Plaintiff disclosed that he had a permit to carry and was armed with two concealed handguns. Plaintiff was arrested and charged with a violation of 430 ILCS 66/65 (a)(14). Plaintiff's cause of action was dismissed after completion of community service with no adjudication of guilt, supervision, or finding of guilt. [People of The State Of Illinois V. Simon Solomon 15200153105 Circuit Court Of Cook County.]

3. The basis for Plaintiff's challenge is that the legislation prohibits qualified private citizens from carrying handguns for the purpose of self-defense in non-sensitive areas and otherwise violates the Due Process Clause of United States Constitution, the 14th Amendment, The Equal Protection Clause, and the Second

2

Amendment. Plaintiffs seek a declaratory judgment, injunctive relief, and attorney's fees and costs.

B.  JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §1983.

5. This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants may be found in this district, and because the events and omissions giving rise to this action are State laws enacted in the State capital and enforced in Cook County and local ordinances enacted and enforced in Cook County Illinois.

C.  PARTIES

7. Plaintiff Simon Salomon is a natural person residing in the County of Cook.

8. Defendant Attorney General Lisa Madigan is sued in her official capacity as the Attorney General of the State of Illinois, responsible for executing and administering the laws of the State of Illinois, including [430 ILCS 66/65 (a)(14)]. Defendant Attorney General Madigan has enforced the challenged laws, customs and practices against Plaintiff and is in fact presently enforcing the challenged laws, customs and practices against Plaintiff.

9. Defendant Cook County Board of Commissioners are sued in their official capacity pursuant their functions under 70 ILCS 810/5 and control over the

forest preserve property in Cook County. Defendant Cook County Board of Commissioners has enforced and continues to enforce the challenged laws, customs and practices.

10. Defendant Sheriff Thomas Dart is sued in his official capacity in that the Sheriff's police Department are the law enforcement entity for the Forrest Preserve, enforced, and continues to enforce the challenged laws, customs and practices.

11. Defendant Cook County State's Attorney Kimberly Fox is sued in her official capacity in that she is responsible for executing and administering the laws of the State of Illinois and prosecutions for violations of the legislation at issue. Kimberly Fox has enforced, and continues to enforce the challenged laws, customs and practices.

### D. CAUSE OF ACTION

12. Plaintiff Simon Salomon is a natural person residing in the County of Cook. Plaintiff is currently licensed by the State of Illinois to carry a concealed firearm pursuant to the Illinois Concealed Carry Act. Plaintiff is 59 years old. On 4/30/2015 Plaintiff was licensed to carry a concealed weapon and went fishing in the Cook County Forrest Preserve. Plaintiff was stopped by the Cook County Sheriff Forrest Police in relation to his fishing activity. When questioned Plaintiff disclosed that he had a permit to carry and was armed with two concealed handguns. Plaintiff was arrested and charged with a violation of 430 ILCS 66/65 (a)(14). Plaintiff's cause of action was dismissed after completion of

4

community service with no adjudication of guilt, supervision, or finding of guilt. [People of The State Of Illinois V. Simon Solomon 15200153105 Circuit Court Of Cook County.]

13. The Second Amendment provides

    A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend. II.

14. The Second Amendment guarantees individuals a fundamental right to carry operable handguns in non-sensitive public places for the purpose of self-defense.

15. The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

16. The States retain the ability to regulate the manner of carrying handguns within constitutional parameters; to prohibit the carrying of handguns in specific, narrowly defined sensitive places; to prohibit the carrying of arms that are not within the scope of Second Amendment protection; and, to disqualify specific, particularly dangerous individuals from carrying handguns.

17. The States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

18. 430 ILCS 66/65(a)(14) provides that "A licensee under this Act shall not knowingly carry a firearm on or into Any real property under the control of the Cook County Forest Preserve District." See Exhibit 2.

19. FPDCC Code Section 3-3-6 provides, "No unauthorized person shall carry or wear under his or her clothes, or concealed about his or her person, any pistol, revolver, derringer, bowie knife, dirk knife, or dirk razor, dagger, slingshot, metallic knuckles or other dangerous or deadly weapon in or upon any preserve***" See Exhibit 3.

   1. VIOLATION OF THE SECOND AMENDMENT

20. Plaintiff incorporates the allegations 1-19 in support of this paragraph.

21. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

22. 430 ILCS 66/65(a)(14) and FPDCC Code Section 3-3-6 is invalid as applied to prohibit a citizen of Illinois who is licensed to carry a concealed weapon eligible from carrying a loaded and operable firearm for the purpose of self-defense in a non-sensitive public place such a Forrest preserve.

23. Furthermore, the prohibitions on concealed carry in all property under control of the County Forrest preserve fails to distinguish between sensitive and non-sensitive areas. As such it not the least restrictive means necessary to enforce the compelling or important government interest which may be asserted by the State. It is a flat blanket prohibition on carrying firearms on any property which

includes non-sensitive places, under the control of the cook county Forrest preserve property.

24. FPDCC Code Section 3-3-6 is also invalid in that the prohibitions on concealed carry in all preserves fails to distinguish between sensitive and non-sensitive areas. As such it not the least restrictive means necessary to enforce the compelling or important government interest which may be asserted by the State. It is a flat blanket prohibition on carrying firearms on any property which includes non-sensitive places.

## 2. VIOLATES DUE PROCESS

25. Plaintiff incorporates the allegations 1-24 in support of this paragraph.

26. 430 ILCS 66/65(a)(14) is invalid in that it is arbitrary and irrational and violates the 14th amendment and Federal due process clause. There are 101 other counties that are not expressly included in this legislation. There is no logical reason and the legislature has not provided a rational basis, nor could they, as to why one county is specifically included while the remaining 102 counties are not. As such, the means chosen are arbitrary because the inclusion of this county and no others is unreasonable, irrational and arbitrary. See People v. Lindner 127 Ill. 2d 174, 183, 535 N.E.2d 829, 833 (1989). The legislation fails all standards of scrutiny.

## 3. VIOLATION OF EQUAL PROTECTION

27. Plaintiff incorporates the allegations 1-26 in support of this section.

28. 430 ILCS 66/65(a)(14) is invalid in that violates equal protection clause of the

14th amendment and the United States Constitution. The Statute treats similarly situated individuals differently and concerns fundamental rights relating to use of public properties and the second amendment. Specifically, Residents from Cook County whom are licensed to carry concealed weapons and whom are entitled to use the public property such as forests preserves are denied the right to bear arms for self-defense in their local forest preserve while 101 other county residents are allowed by State law to do so. There is no rational basis for this distinction, no substantial or compelling government interest, and the means of advancing this interest are irrational and arbitrary. There is no reason Cook County Residents should have to jog or fish in another County in order to exercise their right to self-defense while jogging or fishing.

29. The invalidities of the aforesaid statutes, and Defendants' application of same, infringe Plaintiffs' Second and Fourteenth Amendment Due Process rights and damage Plaintiffs in violation of 42 U.S.C. § 1983.

30. Plaintiffs' injuries are irreparable because Plaintiffs are entitled to enjoy their constitutional rights in fact.

### E. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

i. declaratory judgment that 430 ILCS 66/65(a)(14) and FPDCC Code Section 3-3-6 are invalid in that and to the extent that they are applied to prohibit private citizens who are otherwise qualified to possess handguns from carrying handguns for self-defense in forest preserves;

ii. injunctive relief restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing 430 ILCS 66/65(a)(14) and FPDCC Code Section 3-3-6 against private citizens who are otherwise qualified to possess handguns;

iii. such other and further relief, including further injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment or otherwise grant relief, or as the Court otherwise deems just and equitable; and

iv. attorney's fees and costs pursuant to 42 U.S.C. § 1988.

/S/ Ilia Usharovich
Ilia Usharovich, Lead Counsel
Attorney For Plaintiff
224 S. Milwaukee Ave Suite G
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Service: Ilia@Usharolaw.Com

/S/ Marshall C. Libert
Marshall C. Libert
Attorney For Plaintiff
38 N. Cass Avenue, 2nd Floor
Westmont, Illinois 60559
708-870-2888
Libertlaw1@Gmail.Com

/S/ Sheldon Sorosky
Sheldon Sorosky
Attorney For Plaintiff
717 N Ridge Road
Wilmette, Illinois 60091
312-404-2600