**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIMON SOLOMON, ) | |
| ) | |
| Plaintiff, ) | No. 17-cv-6144 |
| ) | |
| v. ) | Judge Dow |
| ) | |
| THE COOK COUNTY BOARD OF ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER ALLOWING COSTS AND TO EXTEND THE TIME FOR FILING A BILL OF COSTS WITH THE CLERK**

Pursuant to local rule LR 54.1. Plaintiff presents this motion requesting this court to enter an order allowing costs and to extend the time for filing of the bill of costs provided for in LR 54.1. Specifically, Plaintiff requests this honorable court to extend the time for filing of the bill of costs with the clerk for an additional 30 days. In support of this request Plaintiff presents the following:

a. FACTUAL BASIS

1. Plaintiff sued Defendants pursuant to 42 U.S.CA § 1983 in that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 violate the Second Amendment and Defendant's right to bear arms.

2. On September 13th, 2021, the court granted Plaintiff's motion for summary judgment in this matter and found 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 violate the Second Amendment and are unconstitutional.

3. Plaintiff's counsels are still determining the total amount of costs in this matter and counsel is conducting further research on the issue of costs. Plaintiff is still

1

determining the total (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; pursuant to 28 U.S.C.A. § 1920 (West).

## B. LEGAL BASIS

LR54.1. provides that "within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. §1920, shall be deemed waived" Additionally, 42 U.S.C.A. § 1988 "provides In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 *** the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C.A. § 1988 (West).

"To be considered a "prevailing party" under § 1988 a plaintiff needs to win a "judicially sanctioned change in the legal relationship of the parties.... ***Either an enforceable judgment on the merits or a settlement agreement enforced through a consent decree may qualify as the necessary court-ordered change." <u>Gautreaux v. Chicago Hous. Auth.</u>, 491 F.3d 649, 655 (7th Cir. 2007). However, an award of attorney fees under civil rights attorney's fee statute is not automatic to every prevailing party. To determine whether a party achieved enough success, a court considers: (1) the difference between the judgment recovered and the recovery sought, (2)

the significance of the legal issue on which the plaintiff prevailed, and (3) the public purpose of the litigation. Frizzell v. Szabo, 647 F.3d 698 (7th Cir. 2011).

Applying the required analysis indicates Plaintiff is the prevailing party. On 9/13/2021 the Plaintiff obtained an enforceable judgment on the merits against the Defendant. Furthermore, the judgment sought was the finding of 42 U.S.CA § 1983 in that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 unconstitutional and the Judgment recovered was a finding that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 is unconstitutional. Furthermore, the decision affects the entire state of Illinois and has a strong public interest in that it relates to the Second Amendment and restrictions on this fundamental right to bear arms. Accordingly, Plaintiff is a prevailing party and a judgment was entered allowing for costs.

Plaintiff requests this extension in that Plaintiff is still conducting research on costs and fee petitions. Plaintiff's counsels are still determining the total amount of costs in this matter and counsel is conducting further research on the issue of costs. Plaintiff is still determining the total (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; pursuant to 28 U.S.C.A. § 1920 (West). The extension in this matter will not prejudice the Defendants in any fashion, is pursuant to further reasonsing behind the policy of fee-shifting in 1983 actions, and is in the interests of justice.

Wherefore, the Plaintiff requests this honorable court to enter an order allowing the Plaintiff an additional 30 days for a bill of costs to be filed.

3

/S/ Ilia Usharovich
Ilia Usharovich, Attorney,
224 S. Milwaukee Avenue Suite
G Wheeling, Illinois 60090
Telephone: (847)-264-0435
Fax: (224)-223-8079
Email:ilia@usharolaw.com
