IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMON SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-6144 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| THE COOK COUNTY BOARD OF COMMISSIONERS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S FEE MOTION

Pursuant to local rule LR 54.3 and Federal Rule of Civil Procedure 54 Plaintiff presents this fee motion (1) seeking an award of attorney's fees and related nontaxable expenses and (2) the court may ordering the parties to comply with the procedure set out in LR 54.3 as a post-filing rather than as a pre-filing procedure. In support of this request Plaintiff presents the following:

a. FACTUAL BASIS

1. Plaintiff sued Defendants pursuant to 42 U.S.CA § 1983 in that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 violate the Second Amendment and Defendant's right to bear arms.

2. On September 13th, 2021, the court granted Plaintiff's motion for summary judgment in this matter and found 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 violate the Second Amendment and are unconstitutional.

3. The fair estimate of the amount sought at this time is approximately $50,000-60,000.00.

4. The court has not entered an order with respect to the filing of a fee motion pursuant to Fed.R.Civ.P. 54.

## B. LEGAL BASIS

LR54.3. provides that "Either before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to Fed.R.Civ.P. 54. Unless the court's order includes a different schedule for such filing, the motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 90 days after the entry of the judgment or settlement agreement on which the motion is founded. If the court has not entered such an order before a motion has been filed pursuant to Fed.R.Civ.P. 54(d)(2)(B), then after such filing the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure."

Additionally, 42 U.S.C.A. § 1988 "provides In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 *** the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C.A. § 1988 (West).

"To be considered a "prevailing party" under § 1988 a plaintiff needs to win a "judicially sanctioned change in the legal relationship of the parties.... ***Either an enforceable judgment on the merits or a settlement agreement enforced through a consent decree may qualify as the necessary court-ordered change." <u>Gautreaux v. Chicago Hous. Auth.</u>, 491 F.3d 649, 655 (7th Cir. 2007). However, an award of attorney fees under civil rights attorney's fee statute is not

2

automatic to every prevailing party. To determine whether a party achieved enough success, a court considers: (1) the difference between the judgment recovered and the recovery sought, (2) the significance of the legal issue on which the plaintiff prevailed, and (3) the public purpose of the litigation. <u>Frizzell v. Szabo</u>, 647 F.3d 698 (7th Cir. 2011).

Applying the required analysis indicates Plaintiff is the prevailing party. On 9/13/2021 the Plaintiff obtained an enforceable judgment on the merits against the Defendant. Furthermore, the judgment sought was the finding of 42 U.S.CA § 1983 in that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 unconstitutional and the Judgment recovered was a finding that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 is unconstitutional. Furthermore, the decision affects the entire state of Illinois and has a strong public interest in that it relates to the Second Amendment and restrictions on this fundamental right to bear arms. Accordingly, Plaintiff is a prevailing party, a judgment was entered, and Plaintiff is entitled to reasonable attorney's fees.

However, the court has not entered an order with respect to the filing of a fee motion pursuant to Fed.R.Civ.P. 54. As a result, the court may order the parties to comply with the procedure set out in the rule as a post-filing rather than as a pre-filing procedure, which Defendant requests.

Wherefore, the Plaintiff requests this honorable court to enter an order allowing (1) attorney's fees and related nontaxable expenses and (2) the ordering the parties to comply with the procedure set out in LR 54.3 as a post-filing rather than as a pre-filing procedure.

/S/ Ilia Usharovich
Ilia Usharovich, Attorney,
224 S. Milwaukee Avenue Suite
G Wheeling, Illinois 60090
Telephone: (847)-264-0435
Fax: (224)-223-8079
Email:ilia@usharolaw.com