IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMON SOLOMON, ) | |
| ) | |
| Plaintiff, ) | No. 17 cv 6144 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| THE COOK COUNTY BOARD OF ) | |
| COMMISIONERS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**INTERVENOR-DEFENDANT KWAME RAOUL'S
MOTION FOR AN EXTENSION OF THE STAY
OF ENFORCEMENT OF THIS COURT'S SEPTEMBER 13, 2021 ORDER**

Intervenor-Defendant Kwame Raoul, the Illinois Attorney General, respectfully requests that this Court extend the stay of the enforcement of this Court's Order of September 13, 2021 to June 7, 2022. In support of this motion, Intervenor-Defendant states as follows:

1. On September 13, 2021, this Court entered an order denying Defendants' motions for summary judgment and granting, in part, Plaintiff's motion for summary judgment. (ECF No. 123).

2. The Court held that Section 65(a)(14) of the Illinois Concealed Carry Act ("CCL Act"), which prohibits the carrying of firearms on the property of the Forrest Preserve District of Cook County ("FPDCC"), is unconstitutionally overbroad. (*Id.* at 48).

3. However, the Court stayed enforcement of its Order for six months, to March 15, 2022, to give the General Assembly an opportunity to amend the CCL Act, if it so chooses. (*Id.*).

4. The General Assembly's 2021 regular legislative session adjourned on June 1, 2021.

5. The General Assembly's 2022 regular legislative session commenced on January 4, 2022 and is scheduled to adjourn on April 8, 2022.

6. The Illinois House of Representatives is currently considering HB4296, a proposed amendment to Section 65(a)(14) of the CCL Act. If passed, this amendment would narrow the areas within the FPDCC where firearms are prohibited.[1]

7. If the General Assembly passes HB4296, the Governor will have sixty days with which to either sign the bill into law, veto the bill, or take no action on the bill, in which case the bill would automatically become law. ILL. CONST. Art. IV § 9.

8. Additional time is required to let the legislative process occur. Therefore, Intervenor-Defendant requests this Court extend the stay of enforcement of its September 13, 2021 order to sixty days after the last day of the 2022 legislative session, *i.e*., to June 7, 2022.

9. Plaintiff objects to this request for extension of the stay of enforcement of the September 13, 2021 order.

**WHEREFORE**, Intervenor-Defendant respectfully requests this Court extend the time of the stay of enforcement of the September 13, 2021 order to June 7, 2022.

Respectfully submitted,

KWAME RAOUL
*Attorney General*
*State of Illinois*

/s/ Hal B. Dworkin
HAL B. DWORKIN
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-5159
Hal.Dworkin@ilag.gov

---

[1] *See Status of HB4296*, 102 GENERAL ASSEMBLY, https://www.ilga.gov/legislation/BillStatus.asp?DocNum=4296&GAID=16&DocTypeID=HB&LegId=137415&SessionID=110&GA=102 (last visited Mar. 1, 2022).