FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMON SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-6144 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| THE COOK COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION TO REINSTATE

Pursuant to this court's order entered 7/13/2022 the Plaintiff presents this motion to reinstate the case to enforce the settlement agreement between the Plaintiff and the County Defendants.

A. FACTUAL BASIS

1. Plaintiff sued Defendants pursuant to 42 U.S.CA § 1983 in that 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 (a prohibition on carrying concealed weapon while licensed to do so on the forest preserve property) violate the Second Amendment and Defendant's right to bear arms.

2. On September 13th, 2021, the court granted Plaintiff's motion for summary judgment in this matter and found 430 ILCS 66/65(a)(14) and FPDCC Ordinance 3-3-6 violate the Second Amendment and are unconstitutional.

3. On 7/13/2022 the District Court Held: "Parties report that they have reached an agreement on the issue of attorneys' fees. Therefore, this case is dismissed without prejudice and with leave to reinstate by 1/9/2023. If no motion to reinstate is filed, the

dismissal will automatically be converted to a dismissal with prejudice, with no further action required by the parties or the court.

4. The settlement agreement was for payment of $50,000 in attorney's fees, 25,000 to be paid by the county and 25,000 to be paid by the State.

5. The State has paid the attorney's fees as agreed.

6. After numerous written requests from Plaintiff's Counsel and the agreement being made in July of 2022 the County Defendants have not even provided the settlement papers, have not paid the required fees. See Exhibit 1.

## LEGAL BASIS

An order of dismissal, without reservation, is treated as final and the court is without authority to reinstate, especially after the expiration of the term during which the order of dismissal was entered. Where the dismissal is had with the reservation of a right to reinstate, the court has at least the discretionary right to do so at any subsequent time. C.G. Conn, Ltd., v. N.L.R.B., 108 F.2d 390, 393 (7th Cir. 1939). Here, the order has the reservation of a right to reinstate. Moreover, the purpose of reinstating the matter is to allow the Plaintiff to petition this court to enforce the judgment and the settlement agreement against the County Defendant's which requires the payment of the agreed sum of Attorney's fees pursuant to statute.

Wherefore, the Plaintiff requests the trial court to enter an order reinstating the case and ordering the County Defendants to pay interest on the $25,000 at the maximum statutory rate since July of 2022, additional attorney's fees for enforcement of the agreement, and the payment of the monies pursuant to the settlement agreement.

<u>/s/ Ilia Usharovich</u>
Ilia Usharovich, Attorney at Law
212 S. Milwaukee Ave Suite E
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Attorney Number: 6302193

One of the Attorneys for Plaintiff